[Cite as *Parks v. Stronger Berger*, 2019-Ohio-968.]

| | |
|---|---|
| MICHAEL R. PARKS | Case No. 2018-01294PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY ADOPTING RECOMMENDATION OF SPECIAL MASTER</u> |
| STRONGER BERGER, STRONGER COMMUNITY PAC | |
| Respondent | |

{¶1} Respondent Stronger Berger, Stronger Community PAC (Stronger Berger PAC) objects to a special master's report and recommendation that advises the court to dismiss this case without prejudice as a case of first impression.

## I.  **Background**

{¶2} Pursuant to R.C. 2743.75(D), requester Michael R. Parks filed a complaint against Stronger Berger PAC, alleging that he was denied access to public records in violation of R.C. 149.43(B).  The court appointed an attorney as a special master in the cause.  The court, through the special master, referred the case to mediation.  After mediation failed to successfully resolve all disputed issues, the court returned the case to the special master's docket.  Stronger Berger PAC moved to dismiss Parks' complaint, contending that it was not subject to Ohio public records law because it was a private entity.

{¶3} On January 4, 2019, the special master issued a report and recommendation (R&R) wherein he stated: "I find that this case presents an entirely novel question for the decision of the court, and cannot be governed by any existing precedent.  Determination of the question presented requires analysis of the interplay between the Public Records Act, the record-keeping and disclosure provisions of R.C. Chapter 3517, and, due to the request for 'all meeting minutes,' the Open Meetings Act. Under the particular facts and circumstances of this matter, I recommend the court find

that the claim presented constitutes a case of first impression." (R&R, 3.) The special master recommended dismissal of the complaint without prejudice pursuant to R.C. 2743.75(C)(2).

{¶4} On January 16, 2019—seven business days after Stronger Berger PAC received a copy of the R&R—Stronger Berger PAC filed a written objection to the special master's R&R. In a certificate of service, Stronger Berger PAC's counsel certified that she sent a copy of the written objection to Parks by certified mail, return receipt requested. Stronger Berger PAC asserts in its objection that this case does not present a novel question of law, stating: "Far from a novel question of law, this Court can resolve this question, as courts have done for nearly a decade, by a straightforward-application of the well-established precedent announced by the Ohio Supreme Court in [*State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio St.3d 456, 2006-Ohio-4854, 854 N.E.2d 193]." (Objections, 2.) Stronger Berger PAC urges the court to dismiss Parks' complaint with prejudice. (Objections, 8.)

{¶5} Parks has not filed a timely response to Stronger Berger PAC's objection to the special master's R&R.

## II. Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a report and recommendation issued by a special master of this court relative to a public-records dispute brought under R.C. 2743.75. Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested." If the other party files a response to a timely filed objection, the court, within seven business days after the response to the objection is filed, "shall issue a final order that adopts, modifies, or rejects the report and recommendation." R.C. 2743.75(F)(2). Based on a review of the record, the court finds that Stronger Berger PAC's objection to the R&R is timely filed because Stronger

Berger PAC filed its objection in accordance with requirements contained in R.C 2743.75(F)(2).

{¶7} Notwithstanding Stronger Berger PAC's contentions, the court is not persuaded that this case does not present a novel issue and, if this court were to apply the four-factor test set forth in Oriana House, this court would be required to dismiss Parks' complaint with prejudice.

{¶8} First, this court's application of *Oriana House*'s four-factor test in a public-records dispute has been, and continues to be, the subject of litigation. *See Sheil v. Horton*, 8th Dist. Cuyahoga No. 107329, 2018-Ohio-5240, appeal and motion for immediate stay pending, Ohio Supreme Court No. 2018-1816. Whether application of *Oriana House*'s four-factor test demands a dismissal of this case without prejudice is debatable.

{¶9} Second, *Oriana House* was decided by a slim majority (4-3) more than twelve years ago. *See Oriana House* (decided October 4, 2006) (Pfeifer, J., with Lundberg Stratton, O'Donnell, and Lanzinger, JJ., concurring, and Moyer, C.J., dissenting, with Resnick and O'Connor, JJ., concurring in the dissenting opinion). Except for Chief Justice Maureen O'Connor (who, at the time *Oriana House* was issued, served as a justice on the Court), the jurists who decided *Oriana House* no longer serve on the Ohio Supreme Court. The current Ohio Supreme Court could determine that *Oriana House*'s four-factor test should be revisited because to do so constitutes a matter of substantial public interest. *See generally Williamson v. Rubich*, 171 Ohio St. 253, 254, 168 N.E.2d 876 (1960) (jurisdiction of the Ohio Supreme Court) (discussing questions of public or great general interest as distinguished from questions of interest primarily to the parties).

{¶10} Third, the special master found that this case "presents an entirely novel question for the decision of the court, and cannot be governed by any existing precedent." (R&R, 3.) And the special master noted that the question presented in this

case requires analysis of the interplay between the Ohio Public Records Act, the record-keeping and disclosure provisions of R.C. Chapter 3517, the Ohio Open Meetings Act. (R&R, 3.) Based on the court's independent review, the court concludes that the special master's finding that this case presents a novel question is not error.

{¶11} Accordingly, consistent with the special master's recommendation, the court determines that Parks' complaint in this case constitutes a case of first impression that involves an issue of substantial public interest. Pursuant to R.C. 2743.75(C)(2), "[i]f the allegedly aggrieved person files a complaint under [R.C. 2743.75] and the court of claims determines that the complaint constitutes a case of first impression that involves an issue of substantial public interest, the court shall dismiss the complaint without prejudice and direct the allegedly aggrieved person to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in [R.C. 149.43(C)(1)]." Because the court has determined that the complaint in this case constitutes a case of first impression that involves an issue of substantial public interest, R.C. 2743.75(C)(2) requires the court to dismiss Parks' complaint without prejudice.

## III. **Conclusion**

{¶12} For reasons set forth above, the court adopts the special master's R&R, including the findings of fact and conclusions of law contained therein. The court OVERRULES Stronger Berger PAC's written objections to the special master's R&R of January 4, 2019. The court dismisses Parks' complaint without prejudice. In accordance with R.C. 2743.75(C)(2) the court directs Parks to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in R.C. 149.43(C)(1). Court costs are absorbed by the court. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Case No. 2018-01294PQ          -5-                          ENTRY

PATRICK M. MCGRATH
Judge

**Filed February 5, 2019**
**Sent to S.C. Reporter 3/20/19**